UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW SHIRLEY,                         )
                                         )
                    Petitioner,          )
                                         )
            v.                           )        No. 1:18-cv-01929-TWP-DLP
                                         )
WARDEN,                                  )
                                         )
                    Respondent.          )


**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Matthew Shirley for a writ of habeas corpus challenges a prison disciplinary

proceeding identified as NCF 18-04-0024. For the reasons explained in this Entry, Mr. Shirley's

habeas petition must be **denied.**

A.      **Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*,

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*,

418 U.S. 539, 563-67 (1974).

## B.    The Disciplinary Proceeding

On April 2, 2018, Officer Criswell wrote a conduct report in case NCF 18-04-0024 charging Mr. Shirley with offense B-215, replacement of state property.[1] Dkt. 7-1. The conduct report states:

> On the above date and approximate time [4/2/18, at12:30 p.m.] I Officer Criswell witnessed offender Shirley (DOC# 212152) move the barcades [sic] in the chow #1. Offender Shirley was asked not to touch them[;] he then took it upon himself to walk down the rest of the line and move the rest of them over. Offender Shirley then wanted to mouth off to myself and Officer Gilmer. Offender Shirley was advised [that] he would be wrote up for violating Code #215 replacement of state property.

*Id*.

Officer Gilmer wrote a corroborating statement explaining that he "witnessed offender Shirley #212152 purposly [sic] move the barcades [sic] in chow hall #1. Shirley was told not to move them and said 'fuck it' and moved the rest." Dkt. 7-2.

On April 6, 2018, the screening officer notified Mr. Shirley of the charge of alteration of state property and served him with a copy of the conduct report and a copy of the notice of disciplinary hearing (Screening Report)." Dkt. 7-3. Mr. Shirley pleaded not guilty and requested a lay advocate, who was later appointed. Dkt. 7-3; dkt. 7-4. Mr. Shirley requested offender Tony Blair as a witness, but he did not request any additional witnesses or evidence. Dkt 7-3.

The Disciplinary Hearing Board secured a written statement from Mr. Blair in lieu of live testimony because it did "not have the staff or the area to maintain safety and security." Dkt 7-6. In his written statement Mr. Blair said:

> I was like seven spots behind Mr. Shirley and at no point did Mr. Shirley move any part of the chain. Ofc. Gilmer was the Ofc. hollering at Mr. Shirley then he came up the serving line and took Mr. Shirley's I.d. Mr. Shirley remained in the serving line until he reached the main window then he continued on too [sic] the diet

---

[1]Offense B-215 prohibits the "[u]nauthorized possession, destruction, alteration, damage to, or theft of property." Dkt. 7-9 at 5.

window and tried too [sic] get his I.d. back so he could get his diet tray. Ofc. Gilmer refused to give it back after several request[s] until finally Sgt. Garo intervened. Ofc. Criswell was not even a part of this situation. Ofc. Criswell was not even a part of this situation.

*Id.*

Disciplinary Hearing Officer Thompson held a hearing in case NCF 18-04-0024 on April 10, 2018. Dkt 7-5. According to the hearing report, Mr. Shirley pleaded guilty and said he "may have move[d] it." *Id.* Mr. Shirley was found guilty of violating Code B-215 based on the conduct report, the witness statements, and Mr. Shirley's statement. *Id.* Mr. Shirley was sanctioned with a forty-five day loss of good-time credit. *Id.*

Mr. Shirley filed appeals to the Facility Head and the Final Reviewing Authority. Dkt. 7-7; dkt. 7-8. Both appeals were denied. *Id.* Mr. Shirley then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Shirley's petition for habeas corpus alleges claims that: 1) he was denied the opportunity to present witnesses or documentary evidence; and 2) he did not plead guilty. Dkt. 1 at 2.

Procedural Default

The respondent argues that Mr. Shirley failed to exhaust all the grounds in his petition because he did not raise them in his appeals to the Facility Head and Final Reviewing Authority. Dkt. 7 at 2.

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1)(A). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant

habeas relief based on that claim. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019). "To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the Facility Head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of Indiana Department of Corrections's administrative appeals process)).

A court may excuse procedural default if the petitioner "can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin*, 749 F. App'x at 464; *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Shirley's appeals to the Facility Head and the Final Reviewing Authority do not mention a denial of witnesses or evidence nor do they contest his guilty plea. Dkt. 7-7. In his appeal, Mr. Shirley asserted that the evidence was insufficient to support a finding of guilt and that the sanctions were too harsh, neither of which was raised in his petition. *Id*. Mr. Shirley has not demonstrated the cause for default or prejudice from default or that a failure to consider his claim would constitute a miscarriage of justice. Accordingly, habeas relief is not available to Mr. Shirley.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Shirley to the relief he seeks.

Accordingly, Mr. Shirley's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/10/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MATTHEW SHIRLEY
212152
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov